IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**SEAN W. WELCH,**

      **Petitioner,**

v.                                                **Case No.: 5:23-cv-00347**

**WARDEN KATINA HECKARD,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner, Sean Welch, filed a § 2241 petition for a writ of habeas corpus, requesting this Court apply his earned time credits under the First Step Act ("FSA"). (ECF No. 1). Pending before the Court are Welch's motion for statutory construction, (ECF No. 2), and Respondent's motion to dismiss, contained in her Response. (ECF No. 7). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 7), be **GRANTED**; Welch's petition, (ECF No. 1), and motion for statutory construction, (ECF No. 2), be **DENIED**; and this matter be **DISMISSED** and **REMOVED** from the docket of the court.

**I.**     **Relevant History**

Petitioner Sean Welch is a federal inmate currently incarcerated in Federal Correctional Institution ("FCI") Beckley. *See* Federal Bureau of Prisons, Inmate Locator,

1

www.bop.gov/inmateloc/. On April 18, 2022, Welch pled guilty to possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1). (ECF No. 2 at 2). He was sentenced to 37 months' imprisonment. (*Id.*). On April 18, 2023, Welch filed the instant § 2241 petition, asserting that he is entitled to have his earned time credits under the FSA applied to his sentence. (ECF No. 1). Welch also filed a Motion raising claims of "statutory construction," elaborating on his petition and seeking a waiver of the exhaustion requirement. (ECF No. 2). Welch states that, in April 2023, he spoke to Warden Heckard about applying his FSA credits, and the Warden told him he first had to speak to his counselor. (*Id.* at 2). Welch writes that he is currently scheduled to be released to a halfway house on September 20, 2023, but if his FSA credits are applied, he is entitled to immediate release. (*Id.* at 4). Welch admits that he has not exhausted his administrative remedies, but claims exhaustion should be excused, because his petition concerns a matter of pure statutory construction, because exhaustion would be futile, and because he will be irreparably harmed if forced to exhaust remedies. (*Id.* at 2–4, 7).

Welch identifies two questions of statutory interpretation: 1) whether the FSA authorizes the Federal Bureau of Prisons ("BOP") to deny application of earned time credits to inmates who are assessed to be at medium or high risk of recidivism, and 2) whether an inmate must raise the issue of time credit application to his counselor first before seeking the Warden's approval. (*Id.* at 5). He asks this Court to interpret 18 U.S.C. § 3624, waive the exhaustion requirement, and order the BOP to apply his earned time credits. (ECF No. 1 at 7). Welch does not state whether he seeks transfer to prerelease custody or supervised release. (ECF Nos. 1, 2).

On April 25, 2023, the undersigned entered an Order directing Respondent to show cause why the relief requested by Welch should not be granted. (ECF No. 6).

2

Respondent filed a Response to the Show Cause Order on June 7, 2023. (ECF No. 7). Respondent argues that Welch's habeas petition should be dismissed, as he failed to exhaust administrative remedies. Respondent adds that Welch is not eligible for time credit release, that decisions under 18 U.S.C. § 3624 are discretionary and not subject to judicial review, and that Welch has no protected liberty interest in being placed in a residential reentry center or on home confinement. (*Id.*). Welch submitted a reply memoradnum, reiterating that he does not need to exhaust his administrative remedies because his claims rely on statutory construction, exhaustion would be futile, and he would suffer irreparable harm. (ECF No. 9).

## II. **Standard of Review**

Respondent included its motion to dismiss within its response to the Show Cause Order. (ECF No. 7 at 1). Therefore, the motion will be construed as a motion for judgment on the pleadings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations in the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523,

3

529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, a court may consider "matters of public record" including documents from prior or pending court proceedings, *id.*, and "documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship*, 471 F.3d at 526 n.1).

### III. Discussion

#### A. Exhaustion

Although 28 U.S.C. § 2241 does not require exhaustion of administrative remedies, courts typically enforce an exhaustion requirement, because a writ of habeas corpus is an extraordinary remedy of last resort. *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). The benefit of exhaustion is that a prisoner may be able to get the relief he seeks through the BOP grievance system and avoid the need for any judicial intervention. *See Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). Moreover, even when the prisoner is unsuccessful in obtaining relief through administrative remedies, the administrative process creates a complete factual record that facilitates the court's review. *Id.*

The full grievance process within the BOP includes three formal levels: correctional facility, Regional Office, and Central Office. 28 C.F.R. § 542. A prisoner must appeal to all three levels to exhaust his administrative remedies. *Id.* Welch admits that he has not exhausted his administrative remedies, but he raises three arguments that the exhaustion requirement should be waived: statutory interpretation, futility, and irreparable harm. (ECF No. 2 at 4, 7).

First, Welch posits that the administrative exhaustion requirement does not apply to cases which raise an issue of pure statutory interpretation. (ECF No. 2 at 3). In support, he cites to *EEOC v. Seafarers Int'l Union,* 394 F.3d 197 (4th Cir. 2005). *Seafarers* is inapposite because it does not involve exhaustion of administrative remedies in habeas cases; rather, *Seafarers* addresses *Chevron* deference, a standard applied to agency interpretations of statutes. Welch also cites to *United States v. Savage*, 737 F. 3d 304, 306–07 (4th Cir. 2013) for the proposition that this Court may review issues of statutory interpretation *de novo*; however, the *de novo* standard of review applies to courts of appeal considering the statutory interpretations of district courts, and it has no application to the requirement that a habeas petitioner exhaust his administrative remedies.

The only relevant case cited by Welch is *Coleman v. US Parole Comm'n*, in which the United States Court of Appeals for the Third Circuit stated: "[E]xhaustion is not required with regard to claims which turn only on statutory construction. This is especially so where it is unlikely that the agency will change its position, or where the claims turn on broader questions of legal interpretation." 644 Fed. Appx. 159, 162 (3rd Cir. 2016). However, *Coleman* is not binding authority on this Court, which lies in the Fourth Circuit. There is some Fourth Circuit precedent indicating that courts may excuse an exhaustion requirement where the dispute is a matter of statutory construction, although not in the context of habeas petitions. *See McDonald v. Centra, Inc.*, 946 F.2d 1059, 1063 (4th Cir. 1991). Assuming that the same exception is available in habeas cases, Welch has not demonstrated that the exception applies to his case. Exhaustion is sometimes not required in cases where the dispute turns purely on an issue of statutory construction, because in those cases, the traditional purposes of exhaustion—developing

5

a factual record and obtaining relief before resort to the courts—are absent. Where the legal question is neatly teed up for the court's review, exhaustion would needlessly delay a decision on the merits.

Here, however, Welch implies that the BOP has adopted an unwritten policy to uniformly withhold the application of FSA credits for all inmates with medium and high risks of recidivism, but Welch never provides any evidence that such a policy exists. Certainly, Welch's description of the unwritten policy contradicts the explicit language of the BOP's regulations, as 28 C.F.R. § 523.44(c)(2) allows the Warden to apply credits and approve prerelease custody for inmates with other than minimum or low recidivism risk when certain criteria are met. The evidence that Welch has provided—which is that the Warden instructed Welch to initiate the approval process by contacting his counselor—contradicts Welch's contention that a blanket policy exists of withholding credits from inmates with medium and high risks of recidivism. (ECF No. 1 at 6). As Respondent points out, neither the statute nor the regulation mandates a particular process be followed to obtain prerelease custody under § 523.44(c)(2). Consequently, Welch fails to demonstrate a matter of statutory construction that would render exhaustion unnecessary.

Relatedly, Welch argues that exhaustion would be futile. Courts may waive exhaustion where the petitioner has shown that exhaustion would be futile and it is certain he will not receive the relief he seeks through the administrative appeal process, such as where there is a "clear and inflexible policy." *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573, 578 (N.D.W. Va. 2007). However, Welch must *show* that exhaustion would be futile, he cannot simply assert it. *See Teagle v. Champion*, 21 F. App'x 790, 792 (10th Cir. 2001) ("[T]he mere recitation of futility is not sufficient."). Without knowing exactly what policy the BOP has allegedly adopted regarding the application of earned time credits for

inmates like Welch, it is not apparent that exhaustion would be futile. From what Welch states in his petition, a procedure is in place at FCI Beckley for inmates seeking the application of earned time credits who are not at a minimum or low risk of recidivism to petition, on a case-by-case basis, for application of their FSA earned time credits. Welch chose not to make use of the procedure. Accordingly, Welch has not demonstrated that exhaustion would be futile.

Last, Welch argues he should not be required to exhaust because he would suffer irreparable harm, as he alleges that if his time credits were applied, he would have been released on June 20, 2023. (ECF No. 2 at 4). Welch cites to *Nelson v. Cox*, No. 4:20-CV-04199-KES, 2021 WL 1221178, at *2 (D.S.D., Apr. 1, 2021), where the District of South Dakota found that a petitioner had sufficiently shown irreparable harm where he alleged he would have already been released if his FSA earned time credits were applied. (*Id.*). However, other courts have more closely examined similar allegations of irreparable harm and found them to be insufficient. In *Salter v. Fikes*, Salter raised a claim almost identical to Welch's—alleging he was entitled to the application of FSA time credits and that he would suffer irreparable harm if required to exhaust, because he alleged his release date had already passed. No. 20-CV-2253 (ECT/ECW), 2021 WL 2365041, at *7 (D. Minn., May 5, 2021), *report and recommendation adopted*, No. 20-CV-2253 (ECT/ECW), 2021 WL 2354934 (D. Minn. June 9, 2021). The court rejected Salter's irreparable harm argument, noting that his current risk recidivism level was medium, making him ineligible for the application of his earned time credits. *Id*. The court noted that Salter may be able to petition the Warden for application of his time credits but that Salter had made no mention of the process in his petition. *Id.* at *7, n.3. Welch similarly has failed to show that he is eligible for the application of his time credits; Welch is not at

a minimum or low risk of recidivism, and he has not submitted, nor has he had a petition to apply his time credits approved by the Warden, making him currently ineligible for the application of time credits. *See Green v. Hudson*, No. 23-3115-JWL, 2023 WL 4374013, at *2 (D. Kan., June 29, 2023); *Taylor v. Berlin*, No. 23-CV-150-SM, 2023 WL 4055721, at *3 (D.N.H., June 14, 2023). Therefore, Welch has not credibly alleged he will be irreparably harmed if he is made to complete the administrative grievance process. The undersigned **FINDS** that Welch must exhaust his administrative remedies.

### B. *Application of Time Credits*

Though Welch has failed to exhaust his administrative remedies, his petition may also be denied on the merits. The criteria for the application of earned FSA time credits are set out at 18 U.S.C. § 3624(g). A prisoner must have (A) earned time credits equal to the remainder of the imposed term of imprisonment, (B) shown a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk during the term of imprisonment, and (C) had the remainder of the imposed term of imprisonment computed. 18 U.S.C. § 3624(g)(1)(A)–(C). The requirement in subsection (B)—that the prisoner must have shown a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk—may pose an obstacle for prisoners like Welch who have most recently been assessed as being at a high risk of recidivism. A prisoner with a high recidivism risk level clearly has not maintained a minimum or low recidivism risk level, and it seems he also, by definition, has not shown a demonstrated recidivism risk reduction. But, without deciding whether subsection (B) bars the application of time credits to all inmates with high recidivism risk levels, Welch is ineligible for the application of his FSA time credits, because even if he was permitted to apply them under subsection (B), he has not met the additional requirements of subsection (D).

In addition to the requirements set out at 18 U.S.C. § 3624(g)(1)(A)–(C), to be eligible for prerelease custody, a prisoner must have a minimum or low recidivism risk level for the past two assessments; to be eligible for supervised release, a prisoner must have a minimum or low recidivism risk level for the most recent assessment. 18 U.S.C. § 3624(g)(1)(D). If a prisoner does not have a minimum or low recidivism risk level, he must petition the Warden for individual approval of the application of his earned time credits.[1] *See Smith v. Eischen*, No. 22-CV-1704 (NEB/DJF), 2023 WL 4203165, at *2 (D. Minn., June 27, 2023) ("Application of the FSA credits depends on maintaining a minimal or low risk of recidivism—or receiving an exception to that requirement from the warden[.]"); *Delgado v. Barraza*, No. 3:23-CV-881, 2023 WL 4553380, at *1 (M.D. Pa., July 14, 2023) ("Inmates with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release."); *Green v. Hudson*, No. 23-3115-JWL, 2023 WL 4374013, at *2 (D. Kan., June 29, 2023); *Taylor v. Berlin*, No. 23-CV-150-SM, 2023 WL 4055721, at *3 (D.N.H., June 14, 2023). Because Welch is at a high recidivism risk level and has not had a petition to apply time credits approved by the Warden, he is not eligible for the application of his FSA time credits.

Further, decisions in other circuits have indicated that, if Welch files a petition with the Warden to apply his time credits and the Warden denies it, that denial would not be

---

[1] Respondent states that only inmates with low and minimum recidivism risk scores may have earned time credits applied. (ECF No. 7 at 3). But that is not a full and accurate description of the applicable law, as both statute and federal regulation provide that a prisoner may be eligible to have time credits applied where the inmate has had a petition for transfer approved by the warden. 18 U.S.C. § 3624(g)(1)(D)(i)(II); 28 C.F.R. § 523.44(c)(2); *see Diaz v. Barraza*, No. 1:23-CV-00777, 2023 WL 4672405, at *3 (M.D. Pa., July 20, 2023) ("In other words, in both of these situations—i.e., placement in prelease custody or early transfer to supervised release—application of earned time credits under the FSA cannot occur until the inmate has been determined to be a minimum or low recidivism risk. If the inmate is unable to satisfy this requirement concerning his recidivism risk level, then he may petition the warden of the prison to be individually considered for placement in prelease custody or supervised release.") (internal citations omitted).

reviewable by a court. *See Mars v. Heisner*, No. CV2201933PHXSPLJZB, 2023 WL 4977335, at *5 (D. Ariz., June 26, 2023), *report and recommendation adopted*, No. CV2201933PHXSPLJZB, 2023 WL 4960411 (D. Ariz., Aug. 3, 2023) (explaining that, because the judicial review provisions of the Administrative Procedure Act do not apply to decisions made pursuant to 18 U.S.C. § 3624, courts may not review a BOP decision declining to apply earned time credits towards prerelease custody, unless the decision is contrary to established federal law, violates the Constitution, or exceeds the BOP's statutory authority); *Walker v. Fikes*, No. 2:22-CV-41, 2023 WL 4004123, at *2 (S.D. Ga., May 16, 2023), *report and recommendation adopted*, No. 2:22-CV-41, 2023 WL 3997068 (S.D. Ga., June 14, 2023) (stating that decisions made by the BOP pursuant to 18 U.S.C. § 3624(g) are not subject to judicial review unless those decisions were outside its statutory authority); *Morales v. Brewer*, No. 2:22-CV-2207 AC P, 2023 WL 3626315, at *2 (E.D. Cal., May 24, 2023), *report and recommendation adopted*, No. 222CV02207DADACHC, 2023 WL 4535042 (E.D. Cal., July 13, 2023) ("The discretionary decision whether to release a prisoner into prerelease custody or supervised release under § 3624(g) is therefore not reviewable by this court."); *Roberts v. Cox*, No. 4:20-CV-04187-KES, 2022 WL 742489, at *2 (D.S.D., Mar. 11, 2022), *appeal dismissed*, No. 22-1578, 2022 WL 4239573 (8th Cir., May 9, 2022) ("Rulemaking decisions by [the BOP] are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review."). Accordingly, the undersigned **FINDS** that Welch is not entitled to the relief he seeks, and his petition should be dismissed.

### C. *Filing Petition Through Counselor*

Welch also challenges the Warden's action directing him to file a petition with his counselor. (ECF Nos. 1 at 6, 2 at 2). Welch seems to claim that, under 18 U.S.C.

10

§ 3624(g)(1)(D)(i)(II), the petition to apply time credits should go directly to the Warden, not through a counselor. (ECF No. 1 at 6). Though Welch did not exhaust his administrative remedies with respect to this challenge, it can easily be dismissed on the merits. *See Myers v. Williams,* No. 2:15-CV-49, 2015 WL 9304550, at *4 (N.D.W. Va., Dec. 21, 2015). The statute provides that, to be eligible for the application of time credits, a prisoner must have had a petition to transfer to prerelease custody or supervised release "approved by the warden." 18 U.S.C. § 3624(g)(1)(D)(i)(II). As Respondent points out, the statute is silent as to how a prisoner submits a petition; it does not state that the Warden must accept petitions directly from prisoners. In the absence of any clear congressional intent on the matter, an administrative agency's interpretation of a statute is reviewed for reasonableness. *Chevron U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 843–44 (1984). Respondent argues, since the statute does not include a procedure for requesting review of the application of time credits, the procedure established by the Warden at each institution should be followed. (ECF No. 7 at 11). Apart from his misreading of the statute, Welch has not pointed to any reason why he should be allowed to submit a petition to apply time credits directly to the Warden, and he has not shown that the procedure of going through a counselor is arbitrary or capricious. *See Chevron*, 467 U.S. at 844 (1984). The undersigned **FINDS** that Welch's challenge to the procedure for filing a petition to apply time credits is without merit.

### IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 7), be **GRANTED**; Welch's petition, (ECF No. 1), and motion for statutory construction, (ECF No. 2), be **DENIED**; and this matter be

**DISMISSED**, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Folk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: September 19, 2023

Cheryl A. Eifert
United States Magistrate Judge